IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| LON LAMAR FARR, #233 729 | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-192-MEF |
| | | (WO) |
| BOB RILEY, GOVERNOR OF ALABAMA, *et al.*, | * | |
| | * | |
| Defendants. | | |

_____

**ORDER ON MOTION**

Pending before the court is Plaintiff's request for appointment of counsel. A plaintiff in a civil case has no constitutional right to counsel. While an indigent plaintiff may be appointed counsel pursuant to 28 U.S.C. § 1915(e)(1), a court retains broad discretion in making this decision. *See Killian v. Holt,* 166 F.3d 1156, 1157 (11th Cir.1999).

Here, the court finds from its review of the complaint that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the court concludes that Plaintiff's complaint is not of undue complexity and that he has not shown that there are exceptional circumstances justifying appointment of counsel. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)*; Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir.

1992); *see also Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Therefore, in the exercise of its discretion, the court shall deny Plaintiff's request for appointment of counsel at this time. The request may be reconsidered if warranted by further developments in this case.

    Accordingly, it is

    ORDERED that Plaintiff's Motion for Appointment of Counsel (*Doc. No. 4*) be and is hereby DENIED.

    Done, this 20th day of March 2008.

                       /s/Terry F. Moorer
                       TERRY F. MOORER
                       UNITED STATES MAGISTRATE JUDGE