IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LON LAMAR FARR, #233729,<br>    *Plaintiff*,<br>    v.<br>BOB RILEY, GOVERNOR OF ALABAMA, *et al.*,<br>    *Defendants*. | No. 2:08-CV-192-MEF-TFM |

**MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION**

The State Defendants in this action, Governor Bob Riley and Attorney General Troy King,[1] move this Court for leave to file a dispositive motion in lieu of the special report contemplated by this Court's order of March 31, 2008. *See* doc. 8 at ¶ 2. In support of this motion, the State Defendants aver as follows:

1. This is Lon Lamar Farr's action under 42 U.S.C. § 1983 challenging the Alabama Community Notification Act. In his complaint, Farr acknowledges that the Community Notification Act applies to him and instead focuses on the reasons why requiring him to comply with the Act would supposedly violate his constitutional rights. *See* doc. 2 at 3-6.

2. On March 31, 2008, the Court ordered the State Defendants to file a written report by May 9, 2008 containing the sworn statements of all persons having personal knowledge of the subject matter of Farr's complaint, as well as all "documents, records and regulations relevant to Plaintiff's claims for relief." *See* doc. 8 at ¶ 2. The order also prohibited the State Defendants from filing any dispositive motion without the court's permission. *Id.* at ¶ 4.

---

[1] At Magistrate Judge Moorer's recommendation based on the sovereign immunity afforded state agencies under the Eleventh Amendment, this Court entered an order dismissing with prejudice all of Farr's claims against the Alabama Department of Public Safety. *See* docs. 9, 11. This leaves Governor Bob Riley and Attorney General Troy King as the only remaining defendants.

3. Given the nature of Farr's claims, the State Defendants ask this Court to grant them that permission: There are no relevant facts in dispute, and the legal challenges are set out with sufficient clarity in Farr's complaint. The case is therefore ripe for adjudication on a motion to dismiss or for a judgment on the pleadings under Fed. R. Civ. P. 12—motions that would relieve the State Defendants from a potentially intrusive investigation and, more importantly, offer the Court a potentially time-saving means of disposing of this lawsuit.

4. At this time, the State Defendants do not request an extension of the time period within which they must respond to Farr's complaint. If this motion is granted, the State Defendants expect to file their dispositive motion on or before May 9, 2008, the same date specified in the Court's March 31 order for submitting the special report. *See* doc. 8 at ¶2.

WHEREFORE, the State Defendants respectfully request this Court to modify its March 31 order to permit them to file, by May 9, 2008, a dispositive motion addressed to Farr's complaint.

Date: Monday, April 14, 2008

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

s/William G. Parker, Jr.
William G. Parker, Jr. (PAR135)
Winfield J. Sinclair (SIN006)
Assistant Attorneys General

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
E-mail: *wparker@ago.state.al.us*

**Counsel for the Defendants**

2

3

## CERTIFICATE OF SERVICE

  I CERTIFY that on the 14th day of April, 2008, I served a copy of the foregoing on *pro se* plaintiff LON LAMAR FARR by placing a copy of it in the United States Mail, postage prepaid, and addressed as follows:

LON LAMAR FARR, #233729
ADOC BIBB
Bibb Correctional Facility
565 Bibb Lane
Brent, AL 35034

           s/William G. Parker, Jr.
           William G. Parker, Jr.

3