IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LON LAMAR FARR, #233729, )<br>   *Plaintiff*, )<br>)<br>   v. )<br>)<br>BOB RILEY, GOVERNOR OF ALABAMA, )<br>*et al.*, )<br>)<br>   *Defendants*. ) | No. 2:08-CV-192-MEF-TFM |

## REPORT

Governor Bob Riley and Attorney General Troy King, the remaining defendants in this action,[1] file this report as directed by the Court's Order of March 31, 2008. *See* doc. 8 ¶ 2.

### I. INTRODUCTION

Plaintiff Lon Lamar Farr ("Farr") is a convicted sex offender serving a term of imprisonment in the Alabama prison system. *See* Exhibit A, Statement of Lon Lamar Farr, ¶ 1. In this lawsuit brought under 42 U.S.C. § 1983, Farr contends that his constitutional rights will be violated if he is forced to comply with the Alabama Community Notification Act ("CNA" or "the Act"), Ala. Code §§ 15-20-20 *et seq.*, which subjects sex offenders in Alabama to various registration and notification requirements and a number of residency and employment restrictions.[2] *See* doc. 2, Complaint; Ala. Code §§ 15-20-20 *et seq*.

---

[1] This Court previously dismissed with prejudice all of Farr's claims against the Alabama Department of Public Safety based on the sovereign immunity afforded state agencies under the Eleventh Amendment. *See* docs. 9, 19. This leaves Governor Bob Riley and Attorney General Troy King as the only remaining defendants.

[2] Farr and three other inmates all signed a single complaint initiating this lawsuit but the Court directed that the litigation proceed as four separate civil actions—one for each inmate. *See* doc. 1, Order dated March 19, 2008, at 2.

## II. FACTS

When he filed his complaint, Farr was an inmate at Bibb Correctional Facility in Brent, Alabama. *See* doc. 2, Complaint, at 2. Although he has subsequently changed addresses, Farr remains a prisoner in the custody of the Alabama Department of Corrections. *See* doc. 20, Notice of Change of Address by Lon Lamar Farr, at 3-4.

The material facts are undisputed.[3] In 1990—six years before passage of the Alabama Community Notification Act in 1996, *see* Ala. Act No. 96-793—Farr was convicted in Palm Beach County, Florida for "sexual battery of a child under 12 [years] old." *See* Ex. A, Statement of Lon Lamar Farr, ¶ 2.[4] As a result of this conviction, the Community Notification Act applies to Farr. *See* Ala. Code § 15-20-21(5) (subjecting to the CNA any person convicted of a "any crime committed in any jurisdiction which . . . is in any way characterized as . . . sexual battery . . . or molestation of a child"). Farr is aware of the Act and agrees that it applies to him. *See* Ex. A, Statement of Lon Lamar Farr, ¶ 3.

## III. ANALYSIS AND ARGUMENT

Farr asserts that application of the Community Notification Act to him would violate his constitutional rights under the Bill of Attainder Clause, the Ex Post Facto Clause, the Due Process Clause (in both its procedural and substantive aspects), and the Equal Protection Clause. *See* doc. 2, Complaint, at 3, 6. On these grounds, he seeks declaratory relief and also an order

---

[3] As required by the Court's Order, counsel for the State Defendants traveled on April 18, 2008 to Bibb Correctional Facility to meet with Farr and the other three inmates who initiated this litigation. While the other three inmates refused to discuss the matter or provide statements, Farr submitted to an interview (as he was required under the Court's Order, *see* doc. 8 ¶ 2) and provided a sworn statement. *See* Statement of Lon Lamar Farr, attached as Exhibit A.

[4] Alabama Department of Corrections records confirm Farr's sworn statement, but for security and administrative reasons, these records are confidential. If this Court deems it necessary to review these documents, the defendants will submit them for *in camera* review as ordered.

directing the defendants to do the following things: (1) "provide hearings in the proper tribunal for persons affected by [the Act]," doc. 2, Complaint, at 4; (2) "put in place such [procedures] that are required for Civil Commitment Statutes," *id.* at 5; and (3) "allow persons affected by [the Act] the same opportunity to apply for release that those persons subject to similar . . . Civil Commitment Statutes are afforded," *id.*

The defendants, meanwhile, contend that the Complaint should be dismissed on a number of grounds.[5] These grounds are set out as follows:

### A. Farr fails to state a claim upon which relief can be granted.

First, the defendants contend that Farr's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. This is so because the undisputed, relevant facts entitle them to judgment as a matter of law. *See Perry v. Thompson*, 786 F.2d 1093, 1094-95 (11th Cir. 1986) (reciting the 12(b)(6) dismissal standard). In support of their contention, the defendants address each of Farr's claims in turn.

#### 1. Bill of Attainder and Ex Post Facto Challenges.

Farr first contends that the CNA violates his rights under the Bill of Attainder and Ex Post Facto Clauses of the United States Constitution. To succeed on either of these claims, Farr must establish that the CNA inflicts punishment on him. *See Calder v. Bull*, 3 U.S. 386, 390, 1 L. Ed. 648, (1798) (an ex post facto law is one that "inflicts a greater punishment, than the law annexed to the crime, when committed"); *see also United States v. Brown*, 381 U.S. 437, 448-49, 85 S. Ct. 1707, 1715 (1965) (a bill of attainder is a "[l]egislative act[] . . . that appl[ies] either to

---

[5] In addition to the grounds asserted here, the defendants reserve the right to assert in the future that this Court does not have jurisdiction over this case because Farr's claims are not ripe. *See Kirby v. Siegelman*, 195 F.3d 1285, 1289-90 (11th Cir. 1999). Defense counsel do not at this time know Farr's release date, but are of the impression that it is not imminent. If that is true, this lawsuit may not present a "case or controversy" within the meaning of Article III.

3

named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial").

Farr cannot establish this. In *Smith v. Doe*, 538 U.S. 84, 123 S. Ct. 1140 (2003), the Supreme Court held that the registration and notification requirements of the Alaska Sex Offender Registration Act were "nonpunitive" and thus did not implicate the Ex Post Facto Clause. *See id.* at 92-106, 123 S. Ct. at 1146-54. Because the registration and notification requirements in the Alaska statute are "strikingly similar" to the registration and notification requirements in the CNA, the *Smith* decision is "dispositive" in that regard. *See Parker v. King*, No. 2:07-CV-624-WKW, 2008 WL 901087, at *20 (M.D. Ala. Mar. 31, 2008) (opinion of Moorer, Mag. J.) *Smith*'s reasoning, moreover, compels the conclusion that the residency and employment restrictions of the CNA stop short of inflicting punishment on Farr: No "formal attribute[]" of the CNA conclusively suggests that these restrictions were designed to inflict punishment, *Smith*, 538 U.S. at 94, 123 S. Ct. at 1148, and the restrictions are not "so punitive either in purpose or effect as to negate [the State's] intention" in that respect, *id.* at 92, 123 S. Ct. at 1147 (citations and quotation marks omitted) (alteration in original).

Because nothing in the Community Notification Act inflicts punishment on Farr, neither the Bill of Attainder Clause nor the Ex Post Facto Clause are implicated by the defendants' intention to enforce Farr's compliance. As a result, the defendants are entitled to judgment as a matter of law on these two claims.

    2. <u>Procedural Due Process Challenge</u>.

Farr also contends that the CNA violates his rights under the Due Process clause on the theory that the Act is nothing more than a "Civil Commitment Statute" which allows the defendants "to circumvent the procedural protections that such statutes require." Doc. 2,

Complaint, at 6.  To succeed on a procedural due process claim, Farr must establish: (1) that the CNA deprives him of a "protected liberty interest" and (2) that the CNA carries out that deprivation through constitutionally deficient procedures.  *See Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1909 (1989).

However one characterizes the CNA, Farr cannot prevail on this claim.  This is because "with respect to an adult's prior conviction for [a sex offense] and application of the . . . Community Notification Act based on such conviction, any [required] procedural due process . . . is met through the original proceedings that resulted in the conviction."  *Parker*, 2008 WL 901087, at *20 (opinion of Moorer, Mag. J.) (citing *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7, 123 S. Ct. 1160, 1164 (2003)).  Farr's conviction for a sex offense that triggers the CNA's requirements is not in dispute, *see* Ex. A, Statement of Lon Lamar Farr, ¶2, so he is presumed to have received all the procedure he is due under the Constitution.  The defendants are therefore entitled to judgment as a matter of law on Farr's procedural due process claim.

3.  Substantive Due Process Challenge.

Next, Farr contends that requiring him to comply with the CNA violates the substantive guarantee of the Due Process Clause.  Substantive due process claims come in two varieties.  If the claim is that a particular governmental action infringes a fundamental right, then a court will subject the challenged governmental action to strict scrutiny.  *See Doe v. Moore*, 410 F.3d 1337, 1343 (11th Cir. 2005) (quoting *Reno v. Flores*, 507 U.S. 292, 302, 113 S. Ct. 1439, 1447 (1993)).  But where as here no fundamental right is involved,[6] the "highly deferential" rational basis standard is used.  *Id.* at 1345.  Under that standard, the CNA will be upheld if it is "rationally related to legitimate government interests."  *Id.*

---

[6]  In his complaint, Farr identifies no fundamental right that is allegedly at stake by requiring him to comply with the CNA.  *See generally* doc. 2, Complaint, at 3, 6.

The CNA meets this standard because it serves the legitimate government interest of "protect[ing] the public, especially children, from convicted criminal sex offenders." Ala. Code § 15-20-20.1. The Eleventh Circuit's decision in *Doe v. Moore* compels this result, *see Doe*, 410 F.3d at 1345-46, and this Court has already so held. *See Parker*, 2008 WL 901087, at *25.

    4. Equal Protection Clause Challenge.

Finally, Farr contends that the CNA violates his rights under the Equal Protection Clause. As in the substantive due process area, analysis of an equal protection claim turns on a threshold matter. "Group classification by legislative act will be analyzed under a strict scrutiny if the classification infringes fundamental rights or concerns a suspect class." *Doe*, 410 F.3d at 1346. But if as here no fundamental right or suspect class is implicated, the challenged "group classification" will be upheld if it survives rational basis review. *Id. See also id.* (noting that "sex offenders are not considered a suspect class"). As noted in the immediately preceding paragraph, the CNA passes this "highly deferential" level of scrutiny. *See id.* at 1346-47. The defendants are therefore entitled to judgment as a matter of law on this claim, too.

    **B.   Farr is not entitled to injunctive relief.**

In addition to the foregoing reasons in support of dismissal, the defendants note that to the extent he seeks the "extraordinary and drastic remedy" of preliminary or other injunctive relief, Farr has not "clearly carried [his] burden of persuasion as to the four prerequisites." *Ne. Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990).

    **C.   Governor Riley is not a proper party.**

Finally, the defendants assert that Farr has failed to state a claim upon which relief can be granted against Governor Bob Riley. The Community Notification Act does not refer in any way

6

to the Governor, and he therefore has no right or responsibility to enforce the Act against Farr. *See* Ala. Code §§ 15-20-20 *et seq*.

## IV. CONCLUSION

WHEREFORE, the State Defendants respectfully submit that this Report, should it be construed as a motion to dismiss, is well-taken and that the Complaint is due to be dismissed.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL


s/William G. Parker, Jr.
William G. Parker, Jr. (PAR135)
Winfield J. Sinclair (SIN006)
*Assistant Attorneys General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 (fax)
E-mail: *wparker@ago.state.al.us*

**Counsel for the Defendants**

## CERTIFICATE OF SERVICE

      I CERTIFY that on the 9th day of May, 2008, I served a copy of the foregoing on *pro se* plaintiff LON LAMAR FARR by placing a copy of it in the United States Mail, postage prepaid, and addressed as follows:

LON LAMAR FARR, #233729  
Perry County I.C.E. Detention Center (DHS)  
Route 2 Box 176  
Uniontown, Alabama 36786

                                          <u>s/William G. Parker, Jr.</u>  
                                          William G. Parker, Jr.

**EXHIBIT A:**

**STATEMENT OF LON LAMAR FARR**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LON LAMAR FARR, #233729, )<br>  *Plaintiff*, )<br>                    )<br>           v.       )<br>                    )<br>BOB RILEY, GOVERNOR OF ALABAMA, )<br>*et al.*,              )<br>                    )<br>  *Defendants*.    ) | No. 2:08-CV-192-MEF-TFM |

STATE OF ALABAMA    )
                    )
COUNTY OF BIBB      )

### STATEMENT OF LON LAMAR FARR

Before me, the undersigned authority, a notary public in and for the State of Alabama, personally appeared LON LAMAR FARR, who is known to me and who, being first duly sworn, deposes and states on oath as follows:

1. My name is Lon Lamar Farr. I am an inmate residing in the Bibb Correctional Facility. My inmate number is 233729. I am providing this statement of my own free will and understand that it may be filed in court.

2. In __1990__ (year), in __[struck: State of] Palm Beach Co Fl__ (jurisdiction), I was convicted of __Sexual battery of a Child under 12yr old__

3. As a result of this conviction, I believe that I am subject to the requirements of the Alabama Community Notification Act, Ala. Code §§ 15-20-20 *et seq.*

4. I believe that the Alabama Community Notification Act violates my constitutional rights for the reasons set out in the complaint in this case, doc. 1, filed March 19, 2008.

5. Any other comments I have about the subject matter of the complaint are set out below:

My entire complaint is that a 18yr old case that served at a 2yr felony probation level, cleared w/ adjucication withheld, sentence available to be vacated w/ a govenors pardon available that 2 weeks before my release from Ventress Corr facility I was ordered, threatend and had my Alabama address which was to be the Covington County jail refused. I was told I would be arrested and sent to ? County (Ventress area) until trial where I would recieve a 10yr sentence for failure to Register as a Sex offender.

Upon my conviction by Stratigic framing by ommission in Covington Co. 22nd district it was used to enhance my sentence to Max and to compel the judge to Refuse an appeal bond at any amount.

LON LAMAR FARR, #233729

SWORN TO AND SUBSCRIBED before me this 18th day of April, 2008.

NOTARY PUBLIC

(SEAL)    My Commission Expires: 10-2-2011

2