IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LON LAMAR FARR, #233729,            )<br>    *Plaintiff*,                               )<br>                                                  )<br>        v.                                         )     No. 2:08-CV-192-MEF-TFM<br>                                                  )<br>BOB RILEY, GOVERNOR OF ALABAMA,  )<br>*et al.*,                                        )<br>                                                  )<br>    *Defendants*.                            )<br>                                                  ) | |

**SUPPLEMENTAL REPORT**

Governor Bob Riley and Attorney General Troy King, the remaining defendants in this action, file this supplemental report as directed by the Court's Order of May 12, 2008. *See* doc. 22 at 1.

**I.  INTRODUCTION**

Plaintiff Lon Lamar Farr is a convicted sex offender serving a term of imprisonment in the Alabama prison system. *See* doc. 21, Ex. A, Statement of Lon Lamar Farr, ¶ 1. In this lawsuit brought under 42 U.S.C. § 1983, Farr contends that his constitutional rights will be violated if the defendants force him to comply with the Alabama Community Notification Act, Ala. Code §§ 15-20-20 *et seq.*, which subjects sex offenders in Alabama to various registration and notification requirements and a number of residency and employment restrictions. *See* doc. 2, Complaint; Ala. Code §§ 15-20-20 *et seq.*

The defendants previously filed a written report containing Farr's sworn statement and setting out several defenses. *See* doc. 21, Report. At the Court's request, the defendants now file this supplemental report to address the additional issue of "what impact, if any, Plaintiff's current release date has on his claims before this court." Doc. 22, Order, at 1.

## II. DISCUSSION

Farr's scheduled release date is June 26, 2026. *See* Exhibit A, Certified DOC Inmate Summary for Lon Lamar Farr, at 2.[1] In other words, more than eighteen years remain in Farr's prison sentence. For an imprisoned sex offender like Farr, though, the requirements of the CNA do not kick in until only forty-five days before his release. *See* Ala. Code § 15-20-22(a). This means that this Court has no jurisdiction to hear Farr's present claims because they are not ripe for adjudication.

The ripeness requirement finds its basis in the constitutional provision limiting federal courts' judicial power to "cases" or "controversies." U.S. Const. art. III, § 1. Among other things, this limitation means that "a party must suffer injury or come into immediate danger of suffering an injury before challenging a statute." *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999) (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). But unlike other rules for determining which cases are appropriate for judicial resolution, the ripeness doctrine focuses specifically on "the avoidance of *premature* adjudication." *Id.* (emphasis added). It therefore prevents courts from "entangling themselves in abstract disagreements" and from "interfering with legislative enactments before it is necessary to do so." *Id.* (citations omitted) (alteration in original). In assessing ripeness, courts weigh: (1) "the fitness of the issues for judicial review;" and (2) "the hardship to the parties of withholding court consideration." *Id.* at 1290 (citation omitted).

Under these standards, Farr's claims are not ripe. First and most importantly is the fact that Farr will not have to comply with the Community Notification Act for the next eighteen years while he completes his prison sentence. Such a lengthy delay creates a "crucial

---

[1] Exhibit A has been redacted as required by Federal Rule of Civil Procedure 5.2 and out of concern for the confidentiality of the Department of Corrections' internal security records.

contingency" that must occur before the Act implicates Farr's constitutional rights—namely that "the Act must remain in effect and unamended" for the entire time. *Id.* (quoting *Artway v. Att'y Gen. of N.J.*, 81 F.3d 1235, 1248 (3rd Cir. 1996)). Whether this contingency will occur of course is a matter for speculation. *See id.* But for the foreseeable future, Farr faces no "immediate danger of suffering an injury" however onerous the CNA's requirements are. *Id.* at 1289. Because this Court will not pass upon hypothetical matters, Farr's claims are not fit for judicial review. *See id.* at 1290.

Second and related to this first point is the fact that Farr will suffer no hardship if his challenge the CNA must wait until the defendants actually require him to comply with it. To borrow the Eleventh Circuit's words, Farr "is not going anywhere and his prior arrest and conviction record is not going to change." *Id.* In other words, Farr's status will remain unaffected if this Court waits until a constitutionally appropriate time to evaluate his claims.

Accordingly, this Court should dismiss Farr's claims because they are not ripe.

### III. CONCLUSION

WHEREFORE, the State Defendants respectfully submit that this supplemental report, should it be construed as a motion to dismiss, is well-taken and that the Complaint is due to be dismissed.

Respectfully submitted,

TROY KING
*Attorney General*

s/William G. Parker, Jr.
William G. Parker, Jr. (PAR135)
Winfield J. Sinclair (SIN006)
*Assistant Attorneys General*

3

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 (fax)
E-mail: *wparker@ago.state.al.us*

**Counsel for the Defendants**

**CERTIFICATE OF SERVICE**

I CERTIFY that on the 22nd day of May, 2008, I served a copy of the foregoing on *pro se* plaintiff LON LAMAR FARR by placing a copy of it in the United States Mail, postage prepaid, and addressed as follows:

LON LAMAR FARR, #233729
Perry County I.C.E. Detention Center (DHS)
Route 2 Box 176
Uniontown, Alabama 36786

s/William G. Parker, Jr.
William G. Parker, Jr.

**EXHIBIT A:**

**CERTIFIED DEPARTMENT OF CORRECTIONS**
**INMATE SUMMARY FOR LON LAMAR FARR**



**State of Alabama**
**Alabama Department of Corrections**
301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130

BOB RILEY
GOVERNOR



RICHARD F. ALLEN
COMMISSIONER

May 13, 2008

Office of the Attorney General
Attn: Mr. Will Parker
Constitutional Defense Division
Alabama State House
11 South Union Street, Third Floor
Montgomery, AL 36130

Dear MR. Parker:

This is to certify that I (Kathy Holt) am Director, Central Records Office, and that I am the legal custodian of inmate central records on file with the Alabama Department of Corrections and the enclosed or attached documents are true and correct copies taken directly from the records on file with the Department of Corrections and pertain to none other than the person whose name appears hereon:

| Lon Lamar Farr | 233729S | W/M | Covington |
|---|---|---|---|
| NAME | NUMBER | R&S | COUNTY |

DOCUMENTS ENCLOSED/ATTACHED

(A) Inmate Summary as of 5/12/08

KATHY HOLT
Director of Records

SWORN TO AND SUBSCRIBED BEFORE ME
THIS THE 13th DAY OF MAY 2008

Kimberly Whitney, Notary Public
State of Alabama at Large
MY COMMISSION EXPIRES October 27, 2009

Telephone (334) 353-9739      Fax (334) 353-9735

```
                        ALABAMA DEPARTMENT OF CORRECTIONS
CPTFR  1                  INMATE SUMMARY AS OF 05/12/2008          CODE: CPTFR

****************************************************************************

AIS: 00233729S   INMATE: FARR, LON LAMAR              RACE: W  SEX: M

INST: 360 - PERRY COUNTY DETENTION FAC.   DORM: XX   JAIL CR: 000Y 02M 22D

DOB:        1958  SSN:        4531

ALIAS: FARR, LON L                    ALIAS: FARR, LONNIE L

ALIAS: PHAR, LON                      ALIAS: PHAR, LONNIE

ADM DT: 09/19/2006 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF    STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: MED-9   CURRENT CUST DT: 03/25/2008  PAROLE REVIEW DATE: FEB 2013

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS IV       CURRENT CLASS DATE:  09/19/2006
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

COUNTY       SENT DT   CASE NO    CRIME              JL-CR     TERM
COVINGTON   09/19/06  N03000403  MANSLAUGHTER        0082D  020Y 00M 00D CS
            COURT COSTS  : $0000608    FINES : $0010000   RESTITUTION : $0000100

 TOTAL TERM      MIN REL DT     GOOD TIME BAL    GOOD TIME REV    LONG DATE
 020Y 00M 00D    06/26/2026     000Y 00M 00D     000Y 00M 00D     06/26/2026

INMATE LITERAL:
****************************************************************************

DETAINER WARRANTS SUMMARY
     INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
****************************************************************************

ESCAPEE-PAROLE SUMMARY

     INMATE CURRENTLY HAS NO PAROLE RECORDS

     INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

     INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
     SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978
****************************************************************************

DISCIPLINARY/CITATION SUMMARY

     INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS
****************************************************************************
```

