IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LON LAMAR FARR, #233729, )<br>   *Plaintiff*, )<br>       v.                 )<br>BOB RILEY, GOVERNOR OF ALABAMA, )<br>*et al.*, )<br>   *Defendants*. ) | No. 2:08-CV-192-MEF-TFM |

## ANSWER

Governor Bob Riley and Attorney General Troy King, the remaining defendants in this action,[1] file this Answer as directed by the Court's Order of March 31, 2008. *See* doc. 8 ¶ 2.

1.     As the Defendants understand the complaint, convicted sex offender Lon Lamar Farr alleges that enforcement of the Alabama Community Notification Act against him would violate his rights the Bill of Attainder Clause, the Ex Post Facto Clause, the Due Process Clause (in both its procedural and substantive aspects), and the Equal Protection Clause of the United States Constitution. *See* doc. 2, Complaint, at 3, 6.

2.     Governor Riley and Attorney General King answer as follows:

3.     The Defendants admit that Farr has been convicted of a criminal sex as defined in the Alabama Community Notification Act, Ala. Code §§ 15-20-20, *et seq.*

---

[1] This Court previously dismissed with prejudice all of Farr's claims against the Alabama Department of Public Safety based on the sovereign immunity afforded state agencies under the Eleventh Amendment. *See* docs. 9, 19. This leaves Governor Bob Riley and Attorney General Troy King as the only remaining defendants.

4. The Defendants admit that Attorney General King and the State of Alabama intend to enforce Farr's full compliance with the Community Notification Act.

5. The Defendants deny that requiring Farr to comply with the Community Notification Act will violate his rights under the Bill of Attainder Clause, U.S. Const. art. I, § 10.

6. The Defendants deny that requiring Farr to comply with the Community Notification Act will violate his rights under the Ex Post Facto Clause, U.S. Const. art. I, § 10.

7. The Defendants deny that requiring Farr to comply with the Community Notification Act will violate his rights under the Due Process Clause, U.S. Const. amend. XIV, §1.

8. The Defendants deny that requiring Farr to comply with the Community Notification Act will violate his rights under the Equal Protection Clause, U.S. Const. amend. XIV, §1.

9. The Defendants deny any other allegations in the complaint not otherwise admitted in this answer.

10. To the extent that this Court believes that this Answer does not fairly address each and every allegation of the Complaint, the defendants hereby move for a more definite statement. *See* Fed. R. Civ. P. 12(e).

11. To the extent Farr himself believes that this Answer does not fairly address each and every allegation of the Complaint, the defendants hereby request him to provide a more definite statement of his claims so that they might do so.

Dated: June 9, 2008

        Respectfully submitted,

        TROY KING
        *Attorney General*


        s/William G. Parker, Jr.
        William G. Parker, Jr. (PAR135)
        Winfield J. Sinclair (SIN006)
        *Assistant Attorneys General*

        STATE OF ALABAMA
        OFFICE OF THE ATTORNEY GENERAL
        11 South Union Street
        Montgomery, AL 36130
        (334) 242-7300
        (334) 353-8440 (fax)
        E-mail: *wparker@ago.state.al.us*

        **Counsel for the Defendants**


## CERTIFICATE OF SERVICE

I CERTIFY that on the 9th day of June 2008, I served a copy of the foregoing on *pro se* plaintiff LON LAMAR FARR by placing a copy of it in the United States Mail, postage prepaid, and addressed as follows:

LON LAMAR FARR, #233729
Perry County I.C.E. Detention Center (DHS)
Route 2 Box 176
Uniontown, Alabama 36786

        s/William G. Parker, Jr.
        William G. Parker, Jr.